# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2092 | **DATE** | 3/19/2004 |
| **CASE TITLE** | STANLEY J. MAJKA vs. COOK COUNTY SHERIFF'S POLICE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Motion (37-1) to dismiss third amended complaint is granted as to Count 1 but denied as to Count II. Enter memorandum opinion and order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 22 2004 | 43 |
| ✓ | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | DW courtroom deputy's initials | 2004 MAR 22 AM 8:35 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STANLEY J. MAJKA,

    Plaintiff,

v.

COOK COUNTY SHERIFF'S POLICE
DEPARTMENT,

    Defendant.

No. 02 C 2092
Judge James B. Zagel

DOCKETED
MAR 2 2 2004

## MEMORANDUM OPINION AND ORDER

In his Complaint, Plaintiff Stanley Majka claims that while he was in the custody of Defendant Cook County Sheriff's Police Department ("Sheriff's Department"), its employees and agents, through the use of excessive force, caused him to suffer internal and external injuries of a permanent and lasting nature. Majka is seeking monetary damages for these injuries.

The Sheriff's Department now moves to dismiss both counts of Majka's Third Amended Complaint. A motion to dismiss under Rule 12(b)(6) is proper where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing a motion to dismiss, the court must construe all allegations in the complaint in the light most favorable to the plaintiff and accept all well-pled facts and allegations as true. *Bontkowski v. First Nat'l Bank*, 998 F.2d 459, 461 (7th Cir. 1993).

Count I

Count I of Majka's Complaint alleges that, through the actions of its employees and agents, the Sheriff's Department violated 42 U.S.C. § 1983 and caused Majka to sustain severe,



long term injury. The Sheriff's Department argues Majka's § 1983 claim should be dismissed because Majka failed to take advantage of administrative remedies available at the Cook County Department of Corrections ("CCDOC"). According to the Prison Litigation Reform Act ("PLRA"), "no action shall be brought with respect to prison conditions under § 1997 of the revised Statutes of the Unites States, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). Any § 1983 complaints, including those made for particular episodes of excessive use of force, filed before the prisoner's administrative remedies are exhausted, must be dismissed. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *See also Smith v. Zachary*, 255 F.3d 446 (7th Cir. 2001), *Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532 (7th Cir. 1999).

Majka acknowledges this general rule but argues that an exception created by the Seventh Circuit is applicable to his case. In *Perez*, Judge Easterbrook noted that in cases where the injury had healed before the suit begins, where the only remedy is damages, and where the administrative process did not allow for compensation, there would be, practically speaking, no administrative remedy available and that the prisoner could be excused from its pursuit. *Id.*

There are two problems with applying this exception to Majka's case. First, the Seventh Circuit's decision in *Zachary* effectively overruled that part of *Perez* and closed the door to any such exception. *Zachary*, 255 F.3d 446 at 452. Second, even assuming the exception is still good law, it would not apply to Majka. The exception applied only to plaintiffs whose injuries were fully healed before the suit began not to plaintiffs like Majka whose injuries are "of a permanent and lasting nature." (Complaint P. 2). Accordingly, I find Majka was not excused

2

from exhausting his administrative remedies as required by the PLRA. Since Majka has failed to allege that he made any administrative grievance at the CCDOC, I am dismissing Count I of his Complaint.

Count II

The Sheriff's Department argues in its Reply that Count II should also be dismissed because it is actually a claim for an intentional tort and as such is inactionable against the Sheriff's Department. Since the Sheriff's Department's treatment of this issue was fairly brief and since Majka did not have a chance to respond, I am reluctant to dismiss Count II at this time. If the Sheriff's Department would like to pursue this issue in greater depth, it may file a second motion to dismiss.

Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint is GRANTED as to Count I and DENIED as to Count II.

ENTER:

James B. Zagel
United States District Judge

DATE: MAR 1 9 2004